**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**CHARLES DERRELL SEALE**                                              **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 3:08CV105-P-A**

**PHILLIP MITCHELL, IN HIS INDIVIDUAL**
**CAPACITY**                                                        **DEFENDANT**

## ORDER

This cause is before the Court on the defendant's Motion for Judgment as a Matter of Law, Or New Trial, Or Remittitur [72]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

I.      Judgment as a Matter of Law

Defendant Mitchell seeks to renew his motion for judgment as a matter of law with regard to plaintiff's claims against him. Defendant did seek judgment under Rule 50(a)(1) and (2) both at the close of plaintiff's case and prior to submission of the case to the jury. Accordingly, the matter is properly before the Court. The Court is to review motions under Rule 50(b) in a light and with all reasonable inferences most favorable to the party opposing the directed verdict or judgment notwithstanding the verdict. Roberts v. United Mexico Bank at Roswell, 14 F.3d 1076, 1078 (5th Cir. 1990). The jury's verdict must be upheld unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that a reasonable jury could not arrive at any verdict to the contrary. Id.

Mitchell urges that under the facts, he is entitled to a grant of qualified immunity and that,

therefore, the judgment against him should be set aside. With regard to the punitive damages award, he advances the additional arguments that plaintiff adduced no evidence to support a finding of malice or callous disregard and that the jury improperly considered the issue of court costs and attorneys fees in the course of its deliberations.

With regard to the matter of qualified immunity, defendant does not dispute the plaintiff's showing that he suffered a violation of his constitutional right to be free from arrest without probable cause <u>or</u> that said right was clearly established at the time of the arrest. Instead, Mitchell urges only that his conduct was not objectively unreasonable. The jury concluded to the contrary; that conclusion is supported by the fact that the NCIC report did not list any convictions for plaintiff; in response to Officer Mitchell's inquiry, the plaintiff explained that his prior conviction had been expunged; and the defendant himself testified that he merely "suspected" to be a convicted felon.

Under the same rationale, the punitive damages award was likewise amply supported by the evidence. Moreover, notwithstanding the jury's written inquiry about costs and attorneys fees during the course of its deliberations, there is no evidence to support defendant's contention that any improper considerations influenced the jury's verdict. Accordingly, defendant Mitchell's motion for judgment as a matter of law is not well-taken and should be denied.

II. New Trial

In addition to seeking judgment as a matter of law under F.R.C.P. 50(b), Mitchell also presses a motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure. Under Rule 59, "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . ." The vagueness of

the above statement is clarified in a recognized treatise on the subject as follows:

> The draftsman of the rule found that it was impracticable to enumerate all the grounds for a new trial. Thus the rule is stated in broad terms. It has been said that the general grounds for a new trial are that the verdict is against the weight of the evidence, that the damages are excessive . . . and that the motion may also raise questions of law arising out of substantial errors in the admission or rejection of evidence or the giving or refusal of instructions.

11 Wright & Miller, Federal Practice and Procedure § 2805.

The standard of review for motions under Rule 59 is more relaxed than that under rule 50 addressed above in that it imbues the trial judge with discretion in determining whether the verdict was against the "great" weight of the evidence. Adams v. Wal-Mart Stores, Inc., 151 F.R.D. 610, 612-613 (S.D. Miss. 1993). Although a judge faced with a motion under Rule 59 may not simply substitute his judgment for that of the jury, he need not view the evidence in the light most favorable to the verdict winner. Instead, he has the latitude to reweigh the evidence and he is free to accept or reject evidence and to reassess the credibility of witnesses and proof. Shows v. Jamison Bedding, Inc., 671F.2d 927, 930 (5th Cir. 1982).

Applying this standard, the Court concludes that the grant of a new trial is unwarranted. The Court neither concludes that the verdict was against the great weight of the evidence, nor that the damages awarded by the jury were excessive. Finally, defendant has raised no substantial questions of law concerning errors in the admission of evidence or as pertains to the jury instructions. Accordingly, Mitchell's motion for a new trial is not well-taken and should be denied.

III.     Remittitur

Finally, defendant Mitchell requests a remittitur of the punitive damages award. He urges that the verdict was excessive and disproportional with the evidence supported at trial. "[A] jury's assessment of damages is entitled to great deference by a reviewing court and should be disturbed

only in those "rare" instances where it "clearly exceeds that amount that any reasonable man could feel the claimant is entitled[.]  Unless an award is "so gross or inordinately large as to be contrary to right of reason," or so excessive as to suggest "bias, passion, prejudice, corruption, or other improper motive," it must be allowed to stand.  Haley v. Pan American World Airways, Inc., 746 F.2d 311 (5th Cir. 1984) (citations omitted).  This Court's review of the record supports no such finding.  Rather, the Court concludes that the jury's gave proper heed to this Court's admonishments regarding its exercise of discretion in awarding punitive damages; the award was well within reason; remittitur is unwarranted.  Defendant's motion is not well-taken and should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion for Judgment as a Matter of Law, Or New Trial, Or Remittitur [72] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 9th day of September, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE